# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF
# PENNSYLVANIA

LUCRETIA RICKS

Plaintiff,

v.

MEDICREDIT, INC.,

Defendant.

CIVIL ACTION NO. 20-3479

## MEMORANDUM OPINION

Rufe, J.                                                    October 18, 2022

Plaintiff Lucretia Ricks filed suit against Medicredit Inc., a debt-collection agency, for

alleged violations of the Fair Debt Collection Practices Act ("FDCPA").[1] On September 27,

2022, the Court granted Defendant's Motion for Summary Judgment.[2] Plaintiff then filed a

Motion for Reconsideration,[3] which the Court granted.[4] After considering fully Defendant's

Motion and all of the responses and replies thereto, the Court will grant summary judgment in

favor of Defendant.

## I.      LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(a), summary judgment is warranted if there is

"no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

---

[1] 15 U.S.C. §§ 1692, et seq.

[2] Doc. Nos. 77, 78; *see* Def.'s Mot. Summ. J. [Doc. No. 59].

[3] Pl.'s Mot. Reconsideration [Doc. No. 79].

[4] Doc. No. 80 ("The Court's decision to grant reconsideration is to correct a 'manifest error... of fact[,]' as the Court's analysis did not include a review of Plaintiff's prior docketed Response in Opposition to Defendant's Motion for Summary Judgment [Doc. No. 61]. *See* Doc. No. 79 at 6 (quoting *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3rd Cir. 1999)). Plaintiff's Responses—both of which were properly filed—were docketed identically [See Doc. Nos. 61, 75 (both docketed as 'RESPONSE in Opposition re 59 MOTION for Summary Judgment. . . .')].").

law."[5] "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[6] A "genuine" dispute over material facts exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[7] To evaluate a motion for summary judgment, the court must "view the facts in the light most favorable to the non-moving party" and draw "all reasonable inferences in that party's favor."[8] Nonetheless, the non-moving party must support its opposition to the motion by pointing to evidence in the record.[9] "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[10]

## II.   FACTS[11]

On January 3, 2020, Plaintiff sustained injuries in a car crash.[12] Plaintiff obtained treatment at Nazareth Hospital.[13] After her hospital visit, Plaintiff owed payments to at least two separate entities: (1) Nazareth Hospital and (2) Mercy Physician Practice Network ("Mercy Physician Group").[14] Plaintiff received a physician bill from Mercy Physician Group dated January 16, 2020, which indicated a balance of $468, an account number for Plaintiff (#550-2331100), and the CPT code "99284."[15] Separately, Plaintiff was billed by

---

[5] Fed. R. Civ. P. 56(a).

[6] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[7] *Id.*

[8] *Hugh v. Butler Cnty. Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005) (citation omitted).

[9] *Celotex Corp v. Catrett*, 477 U.S. 317, 322–23 (1986).

[10] *Anderson*, 477 U.S. at 249–50 (internal citations omitted).

[11] The relevant facts are undisputed.

[12] Compl. [Doc. No. 1] ¶ 15.

[13] Compl. [Doc. No. 1] ¶ 16.

[14] *See* Statement of Uncontroverted Material Facts ("SUMF") Ex. 3 [Doc. No. 58-3]; Pl.'s Supp. Exs. [Doc. No. 61-2] at ECF page 12.

[15] Pl.'s Supp. Exs. [Doc. No. 61-2] at ECF page 12. The Current Procedural Terminology Manual ("CPT Manual") is published by the American Medical Association and defines medical and surgical procedures and the

Nazareth for $675, which Nazareth had adjusted downward from $900 based on an uninsured discount,[16] as Plaintiff had not provided the hospital with her insurance information.[17] Unlike the Mercy Physician Group bill, there was no CPT code associated with the Nazareth billing, which had the account number #NA0035882646.[18]

After several months without receiving payment, Nazareth placed Plaintiff's account with Defendant for collection.[19] Defendant then used the information Nazareth had provided it to send Plaintiff a written notice ("Medicredit Letter") informing her of the $675 outstanding balance and seeking payment.[20] The Medicredit Letter includes Plaintiff's Nazareth account number #NA0035882646, and it makes no reference to an outstanding balance with Mercy Physician Group.[21]

After Plaintiff received the Medicredit Letter, she contacted a lawyer.[22] The Medicredit Letter was the only communication between Plaintiff and Defendant outside of this lawsuit.[23] There is no evidence of record that Mercy Physician Group hired or contacted Defendant regarding Plaintiff's $468 physician bill.

## III.    DISCUSSION

### A.  Standing

_____

corresponding billing codes. Pl.'s Mem. Opp. Summ. J. [Doc. No. 61] at 2 n.5.

[16] SUMF Ex. 3 [Doc. No. 58-3]; *see* SUMF [Doc. No. 58] ¶ 7; Pl.'s Resp. SUMF [Doc. No. 61-1] ¶ 7; Doc. No. 73-2 at ECF page 6.

[17] SUMF [Doc. No. 58] ¶ 6; Pl.'s Resp. SUMF [Doc. No. 61-1] ¶ 6; *see* Compl. [Doc No. 1] ¶ 17.

[18] *See* SUMF Ex. 3 [Doc. No. 58-3]; *cf.* Pl.'s Supp. Exs. [Doc. No. 61-2] at ECF page 12.

[19] Def.'s Mot. Summ. J. [Doc. No. 59] ¶ 8.

[20] Compl. [Doc. No. 1] ¶¶ 19–22; Pl.'s Supp. Exs. [Doc. No. 61-2] at ECF page 19.

[21] Pl.'s Supp. Exs. [Doc. No. 61-2] at ECF page 19; SUMF Ex. 3 [Doc. No. 58-3]; *see* SUMF [Doc. No. 58] ¶ 11; Pl.'s Resp. SUMF [Doc. No. 61-1] ¶ 11.

[22] *See* SUMF [Doc. No. 58] ¶ 22; Pl.'s Resp. SUMF [Doc. No. 61-1] ¶ 22.

[23] Def.'s Mot. Summ. J. [Doc. No. 59] ¶ 9.

Defendant argues that Plaintiff has not suffered an injury in fact sufficient to confer Article III standing.[24] Constitutional standing requires three elements: "injury in fact," "a causal connection between the injury and the conduct complained of," and a likelihood that a favorable decision will redress the plaintiff's injury.[25] "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'"[26] For an injury to be "concrete," it must be "real, and not abstract."[27] Additionally, "'a risk of real harm' may 'satisfy the requirement of concreteness.'"[28] In the Third Circuit, a statutory violation creates a concrete injury when "the violation actually harms or presents a material risk of harm" to the underlying interest that Congress seeks to protect.[29]

As it did in its earlier Motion to Dismiss,[30] Defendant contends that Plaintiff suffered no harm because she has neither paid the balance nor contacted her insurance provider.[31] The Court's ruling on this issue remains the same—Plaintiff's actions or inaction following the receipt of the Letter is immaterial to the standing inquiry.[32] Because Congress sought to combat "the *use* of abusive, deceptive, and unfair debt collection practices by many debt collectors,"[33]

---

[24] Def.'s Mot. Summ. J. [Doc. No. 59] ¶ 14.

[25] *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992).

[26] *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (quoting *id.* at 560).

[27] *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2204 (2021) (citations omitted).

[28] *Kamal v. J. Crew Grp., Inc.*, 918 F.3d 102, 115 (3d Cir. 2019) (quoting *Spokeo*, 578 U.S.. at 341).

[29] *Kamal*, 918 F.3d at 112 (citations omitted).

[30] Def.'s Mot. Dismiss [Doc. No. 23].

[31] Def.'s Mem. Supp. Mot. Summ. J. [Doc. No. 59-2] at 7; *see* Def.'s Mot. Dismiss [Doc. No. 23] at 6.

[32] *See Cartmell v. Credit Control, LLC*, No. 19-1626, 2020 WL 113829, at *11 (E.D. Pa. Jan. 10, 2020) ("Put simply, it is of no moment that Cartmell did not intend to pay the debt. Congress conferred upon him a substantive right to receive truthful, non-deceptive information, which Credit Control violated when it sent, and Cartmell received, the Letter in this case.").

[33] *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006) (quoting 15 U.S.C. § 1692(a)).

4

Plaintiff's receipt of the allegedly deceptive letter is a sufficiently concrete injury to confer Article III standing.

Defendant further argues that Plaintiff lacks the requisite harm because she "has no evidence to support the allegation that the [d]ebt is an amount in excess of what Nazareth is allowed to collect[.]"[34] This argument—that Plaintiff lacks standing because she is unable to prove her allegations—confuses the threshold standing inquiry with the underlying merits analysis. As the Supreme Court has held, "standing in no way depends on the merits of the plaintiff's contention that particular conduct is illegal[.]"[35] Instead, standing asks whether Plaintiff is "the right person to bring this claim."[36] As Plaintiff received the allegedly deceptive letter, that is sufficient to assert a concrete injury in fact and confer standing.

### B.   The Merits

Plaintiff alleges that Defendant was required under Pennsylvania's Motor Vehicle Financial Responsibility Law ("MVFRL")[37] to reduce the amount Plaintiff owed, and that its failure to do so violated the FDCPA.[38] "To prevail on an FDCPA claim, a plaintiff must prove that (1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt."[39] The FDCPA prohibits a debt collector from using "unfair or unconscionable means"[40] as well as "any false,

---

[34] Def.'s Mot. Summ. J. [Doc. No. 59] ¶ 16.

[35] *Warth v. Seldin*, 422 U.S. 490, 500 (1975) (citation omitted); *see also Davis v. Wells Fargo*, 824 F.3d 333, 348 (3d Cir. 2016) ("The standing requirement is analytically distinct from the merits of the underlying dispute.").

[36] *Davis*, 824 F.3d at 348 (citations omitted).

[37] 75 Pa. C.S. §§ 1701, et seq.

[38] *See* Compl. [Doc. No. 1] ¶ 40.

[39] *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014) (citation omitted).

[40] 15 U.S.C. § 1692f.

deceptive, or misleading representation or means"[41] in communicating with a debtor. Because the FDCPA "is a remedial statute designed to curb abusive collective practices," it must be construed "liberally."[42]

Section 1797(a) of the MVFRL prohibits certain persons and medical institutions from requiring, requesting, or accepting more than "110% of the applicable fee schedule, the recommended fee[,] or the inflation index charge … whichever pertains to the specialty service involved, determined to be applicable in this Commonwealth under the Medicare program for comparable services at the time the services were rendered . . . ."[43] Defendant argues Plaintiff has failed to show that Defendant violated the MVFRL, and thereby the FDCPA, in its attempt to collect from Plaintiff the $675 Nazareth balance.[44] In response, Plaintiff contends that "the Provider" and "anyone acting on the Provider's behalf" was barred from charging Plaintiff an amount in excess of $141.15, which she calculates as follows:

> CPT code "99284"… was compensable by Medicare in Philadelphia County at the rate of $128.32 in 2020. In accordance with Section 1797, Plaintiff could not be required to pay more than "110% of the applicable fee schedule, the recommended fee or the inflation index charge . . . whichever pertains to the specialty service involved, determined to be applicable in this Commonwealth under the Medicare program for comparable services at the time the services were rendered." That amount is $141.15 (i.e., 110% of what Medicare would have paid), which is far less than what Defendant claimed.[45]

Plaintiff's calculation is rooted in the "99284" CPT code, which is listed only on the Mercy Physician Group bill. Thus, the question is whether there is a genuine issue of

---

[41] 15 U.S.C. § 1692e.

[42] *Jensen v. Pressler & Pressler*, 791 F.3d 413, 421 (3d Cir. 2015).

[43] 75 Pa. C.S. § 1797(a).

[44] Def.'s Mem. Supp. Mot. Summ. J. [Doc. No. 59-2] at 5–6.

[45] Pl.'s Mem. Opp. Mot. Summ. J. [Doc. No. 61] at 7.

material fact as to whether the CPT code on Mercy Physician Group billing also applies to the Nazareth billing.

Tellingly, Plaintiff attempts to conflate Nazareth with Mercy Physician Group by using the umbrella term "Provider" throughout her briefing. For example, in Plaintiff's Statement of Facts, Plaintiff identifies Nazareth as "Provider" but proceeds to aver that she "received a bill from the Provider . . . indicating a total outstanding amount of $468.00."[46] However, as cited above, the bill for the $468 balance was from Mercy Physician Group, not Nazareth. Nazareth is a client of Defendant; Mercy Physician Group is not.[47] There is no evidence of record to show that the CPT code billed by Mercy Physician Group also applies to the services billed by Nazareth.

The sole issue for purposes of this FDCPA action is whether Nazareth, and therefore Defendant, was required to adjust the $675 balance before seeking payment. Plaintiff has not demonstrated a material issue of disputed fact that the services provided by Nazareth to Plaintiff were or should have been billed under the "99284" CPT code, or that the charge by the hospital does or should correspond to the charge by a physician. Although the FDCPA and the MVFRL are to be construed liberally,[48] it is Plaintiff's burden to put forth sufficient evidence such that a reasonable factfinder could determine that the Letter was "unfair," "unconscionable," "false," "deceptive," or "misleading."[49] Because Plaintiff has failed to produce evidence from which a reasonable factfinder could

---

[46] Pl.'s Mem. Opp. Mot. Summ. J. [Doc. No. 61] at 1–2.

[47] Def.'s Ex. 10 [Doc. No. 66-3] at 133 ¶¶ 5–6.

[48] *See Jensen*, 791 F.3d at 421; *Danko v. Erie Ins. Exch.*, 630 A.2d 1219, 1222 (Pa. Super. Ct. 1993), *aff'd*, 649 A.2d 935 (Pa. 1994).

[49] 15 U.S.C. § 1692e; 15 U.S.C. § 1692f.

conclude that the amount billed by Nazareth contravenes the MVFRL, the Court will grant Defendant's Motion.

### C.  CONCLUSION

For the reasons stated above, Plaintiff has failed to show that a genuine issue of material fact exists. The Court will therefore grant Defendant's motion for summary judgment. An appropriate order follows.